United States Court of Appeals,

Eleventh Circuit.

No. 94-2471.

UNITED STATES of America, Plaintiff-Appellant,

v.

Kenneth ADAMS, a/k/a Christopher Hale, a/k/a Kenneth Gutheil, a/k/a Marvin Neighborgall;  Judith Adams, a/k/a Jennifer Moore, a/k/a Theresa Cornell, a/k/a Judith Gutheil, Defendants-Appellees.

March 2, 1995.

Appeal from the United States District Court for the Middle District of Florida. (No. 93-225-CR-T-15C), Henry Lee Adams, Jr., Judge.

Before BLACK and BARKETT, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

The Government challenges on this appeal the suppression of certain evidence seized in the search of a motor home at the time of the arrest of defendants Kenneth Adams and his wife Judith.  We affirm.

The search and subsequent seizure occurred at a time when state and federal law enforcement officers assembled to arrest defendants on numerous state and federal charges arising in part from the alleged fraudulent registration of two motor vehicles and the falsification of various identification documents.  In a multi-count superseding indictment, the defendant and his wife were charged with, among other things, obtaining a driver's license by using a false Social Security number in violation of 42 U.S.C. § 408(a)(7)(B).

We affirm the suppression of evidence in this case without reaching any broad issues that would help define the dichotomy

concerning the search of motor homes.  The law regarding whether to apply to motor homes the established search and seizure principles applicable to motor vehicles, or those applicable to fixed places of residence has not been developed.  This is not an appropriate case for setting any precedent in this regard.

Reviewing the entire unusual circumstances and the peculiar factual situation in this case, we cannot hold that the district court erred in suppressing the evidence in this case.  But for the implication that this decision might inadvertently be interpreted to carry some weight as this area of the law develops, we would have affirmed the judgment below under our Rule 36.1, Rules of the United States Court of Appeals for the Eleventh Circuit.

**AFFIRMED.**